SEXTON, Judge.
Defendants appeal an adverse judgment in an action for a declaratory judgment with respect to a certain parcel of public land, the dedication of which had been revoked by the City of Bossier. We affirm.
The facts are not in dispute. On June 18, 1953, defendants/appellants recorded a plat of the Waller Subdivision, Eleventh Filing, in the records of Bossier Parish, Louisiana. The plat consisted of ten lots, as well as a parking area and service street which were dedicated to Bossier City for public use. The lots were subsequently sold to the plaintiffs in this action. The city of Bossier City maintained the parking area until 1984 when it abandoned the property for disposition according to law.
Suit was filed by petitioners alleging that as contiguous land owners abutting the disputed property they should receive possession and ownership in accordance with LSA-R.S. 48:701.[1]
Defendants conversely contend that according to LSA-R.S. 33:4718,[2] ownership should devolve to them as record owners of the property at the time of dedication. They also contend that according to LSA-R.S. 41:1338(A),[3] the parcel must be offered to the original grantor or donor at fair market value when abandoned by the city.
The trial court rendered judgment declaring that the parking area was within the definition of a “street” and, therefore, according to LSA-R.S. 48:701, ownership should devolve to the contiguous land owners. The original donors (defendants) of the land appeal.
In reaching the aforesaid resolution, the trial court correctly rejected the defendant’s secondary contention that LSA-R.S. 41:1338(A) required that the city offer the property to the original grantors at a fair market value as inapplicable to the instant circumstances on the following basis.
That statute has application to a situation where a political subdivision or state agency desires to transfer property to “a third person”. That is not the case presented here. In this case, the Bossier City Council did not attempt to transfer *488 the property to a third person; it only revoked the dedication of property that had been previously made. The effect of that revocation is at issue, but it is not a question of the political subdivision attempting to transfer property to a third person.
Thus, the resolution of this dispute lies in the determination of whether the trial court correctly identified the area as a street or whether it is more properly classified as a park, public square or plot.
In its analysis of whether the parcel should be categorized as a street or as a park, public square or plot, the trial court noted a copy of the subdivision regulations for the Bossier City-Parish Metropolitan Planning Commission which provides that the definition of street is “a right of way designed for vehicular traffic regardless of its designation by name or classification.” The trial court considered and rejected the defendant’s contention that the parking area was not designed for vehicular traffic because a parking area “assumes that there must be some vehicular traffic for the vehicles to reach the area of stationary parking.” In further considering the designation of the area in contention as a parking area, the court noted that “[t]he designation does not say that it must be designed for through-traffic, and this Court believes that the parking area in question falls within the definition of a street as defined by the subdivision regulations.”
The trial court thereafter rejected the defendant’s contention that the property was a park or public square dedicated to public use and concluded that the instant property is controlled by LSA-R.S. 48:701 in the following terms.
Conversely, the Court does not feel that the property in question falls within the area of a park, public square or plot dedicated to public use. Although the statute does not further define those areas, it appears to the Court that those areas were basically intended for non-vehicular traffic. The parking lot for vehicles certainly assumes that there will be some vehicular traffic at least within the parking area.
Therefore, the court concludes that:
Therefore, the Court concludes that the property in question is controlled by L.R.S. 48:710[4] and is within the definition of a street, as provided by that section. Therefore, when the dedication was revoked, the ownership reverted to the then present owners of the land contiguous to the parking area. [Footnote added]
While the area at issue is irregular in shape and does not bear the traditional appearance of a street or alley, we conclude that the determination of the trial court is sound under the instant circumstances. We adopt the previously noted portions of the trial court opinion as our own. The judgment of the trial court is therefore affirmed.
AFFIRMED.

. LSA-R.S. 48:701 reads as follows:
§ 701. Revocation of dedication; reversion of property
The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
Nothing in this Section shall be construed as repealing any of the provisions of special statutes or charters of incorporated municipalities granting the right to close or alter roads or streets.

. LSA-R.S. 33:4178 reads as follows:
§ 4718. Revocation of dedication of parks, public squares or plots, reversion of property.
The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all parks, public squares or plots dedicated to public use within their respective limits, when such parks, public squares or plots have been abandoned or are no longer needed for public purposes.
Upon such revocation, the title to the land covered by and embraced in said parks, public squares or plots, shall revert to the person or persons who were the owners of such land at the time of the dedication, their heirs, successors or assigns.

.LSA-R.S. 41:1338 A reads in pertinent part:
§ 1338. Transfers of property acquired by the state or political subdivisions; exemptions
A. (1) Notwithstanding any other provision of law to the contrary, and except as provided in Subsection B of this Section, whenever any property, other than highway rights of way, is acquired by a state agency or the state, or any political subdivision thereof from any person of the United States or the state of Louisiana, then the state, state agency, political subdivision, or any other state or local agency subsequently acquiring said property which thereafter desires to transfer said property to a third person, first shall offer to sell whatever rights it acquired, at the fair market value, back to the original grant- or, donor, or vendor, or his successors in title, unless the act of sale, donation, or other contractual agreement by which the property was acquired otherwise stipulates.

. Obviously an inadvertent transposition which should read 48:701.